IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 14-0436-KD-B |
| ) | |
| THE MITCHELL COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on motion for summary judgment and supporting documents filed by The Mitchell Company LLC (docs. 14-16), the response filed by Scottsdale Insurance Company, (doc. 25) and the reply (doc. 27). Upon consideration, and for the reasons set forth herein, the motion is GRANTED.

I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) governs procedures and provides as follows:

(1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

>   (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>   (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
>   (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.,* 594 F.3d 798, 807 (11th Cir. 2010) (en banc) (citation omitted).

If a non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In reviewing whether a non-moving party has met its

burden, the Court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).

II. Facts[1]

Relevant to this motion, the Court makes the following findings of fact:

Scottsdale Insurance Company has filed this action against The Mitchell Company, LLC, seeking to hold it jointly and severally liable with The Mitchell Company, Inc., for a judgment entered against Mitchell Inc., in *Scottsdale Insurance Company v. The Mitchell Company, Inc., et al.*, Case No. 1.11-CV-00578-N. Scottsdale also seeks an injunction against Mitchell, LLC, its principals, owners, officers, employees, attorneys, or agents, from forming, operating, or engaging in any new corporations, companies, or entities engaged in a "like business" until the judgment entered in this action is satisfied. (Doc. 1.) Scottsdale seeks this relief on grounds that Mitchell, LLC is the "mere continuation" of Mitchell, Inc. (Doc. 1, ¶¶7, 8, 10).

The deposition testimony of John Butler Saint, taken on March 13, 2014, in *Scottsdale Insurance Co. v. The Mitchell Co., Inc.*, reflects that Mitchell, Inc. had not been dissolved as of that date. (Doc. 15-2, Exhibit B)

The records of the Secretary of State for the State of Alabama reflect that Mitchell, Inc. has not been dissolved, canceled or terminated as of November 11, 2014. (Doc. 15-1, Exhibit A)

---

[1] The Court has made its determination of facts by "review[ing] the record, and all its inferences, in the light most favorable to [the LLC and the Ltd as] the nonmoving party." *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997). However, the facts on summary judgment "may not turn out to be the actual facts if the case goes to trial." *See Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir.1996).

III. Analysis

In the complaint, Scottsdale alleges that Mitchell, LLC is jointly and severally liable for the judgment against Mitchell, Inc. on basis of the "mere continuation" exception to the prohibition against successor liability under Alabama law. Scottsdale alleges that Mitchell, LLC is essentially the same entity as Mitchell, Inc., and that they share addresses, trade names, officers, projects, signage, etc.

Under Alabama law, "[a]s a general rule, where one company sells or otherwise transfers all its assets to another company, the transferee is not liable for the debts and liabilities of the transferor unless (1) there is an express agreement to assume the obligations of the transferor, (2) the transaction amounts to a de facto merger or consolidation of the two companies, (3) the transaction is a fraudulent attempt to escape liability, or (4) the transferee corporation is a mere continuation of the transferor" *Prattville Memorial Chapel v. Parker*, 10 So.3d 546, 555 (Ala. 2008) (quoting *Andrews v. John E. Smith's Sons Co.*, 369 So.2d 781, 785 (Ala. 1979)). An exception exists if "the transferee corporation is a mere continuation of the transferor." *Id.; see Parrett Trucking, Inc. v. Telecom Solutions, Inc.*, 989 So.2d 513, 519–20 (Ala. 2008) (applying the exception in a breach-of-contract action).

To support a finding that the transferee is a "mere continuation" of the transferor, there "must be substantial evidence of four factors", as follows:

> 1) There was basic continuity of the enterprise of the seller corporation, including, apparently, a retention of key personnel, assets, general business operations and even the [seller's] name.
>
> 2) The seller corporation ceased ordinary business operations, liquidated, and dissolved soon after distribution of consideration received from the buying corporation.
>
> 3) The purchasing corporation assumed those liabilities and obligations of the

4

>seller ordinarily necessary for the continuation of the normal business operations of the seller corporation.
>
>4) The purchasing corporation held itself out to the world as the effective continuation of the seller corporation.

*Prattville Memorial Chapel*, 10 So. 3d at 555-556 (quoting *Turner v. Wean United, Inc.*, 531 So.2d 827, 830 (Ala.1988). The Alabama Supreme Court has held that "each of the four factors must be present before a successor corporation may be held liable under the continuation-of-the-enterprise exception." *Id*. (declining to apply a totality of the transaction approach to determine whether Memorial Chapel was a mere continuation) (citing *Ex parte First Alabama Bank*, 883 So.2d 1236, 1245 (Ala. 2003)); *Parett Trucking, Inc.*, 989 So. 2d at 521-522 ("[U]nder the continuity-of-enterprise test adopted by this Court, there is no 'weighing' of the factors; rather, as we stated in *Asher*, there must be 'substantial evidence of each of the four factors.'").

Mitchell, LLC argues that as a matter of law, it is not a mere continuation of Mitchell, Inc., because Mitchell, Inc. has never been formally dissolved. Mitchell, LLC argues that formal dissolution is a necessary element of a claim based on the mere continuation exception to successor liability and that Scottsdale cannot produce any evidence of an actual dissolution. Mitchell, LLC has presented documents from the Alabama Secretary of State and the deposition testimony of an officer of Mitchell, Inc., both showing the continued existence of the corporation, as evidence that the corporate entity Mitchell Inc. has not been formally dissolved.

Scottsdale does not dispute this argument or evidence. Instead, Scottsdale asks that summary judgment be granted only as to its ability to proceed under the mere continuance exception, and not other theories alleged in its complaint or amended complaint.

There is no dispute of material fact that Mitchell, Inc. has not been dissolved. Since proof of formal dissolution must be established before Mitchell, LLC could be held liable under the

mere continuance exception, the Court finds that Scottsdale, the non-moving party, has failed to make a sufficient showing on an essential element of its claim as to which it has the burden of proof.  Accordingly, Mitchell, LLC is entitled to summary judgment in its favor as to Scottsdale's claim that it is jointly and severally liable for the judgment because it is a mere continuation of Mitchell, Inc.

IV. Conclusion

In accordance with the foregoing, Mitchell, LLCs motion for summary judgment is GRANTED.

**DONE** this the 12th day of January 2015.

    s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**